# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

Lyle W. Cayce
Clerk

DARRELL WARD,

      Plaintiff – Appellant,

v.

GRAY TELEVISION GROUP, INCORPORATED, doing business as KOSA,

      Defendant - Appellee,

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CV-404

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Darrell Ward appeals the entry of summary judgment on his age-discrimination claim. Ward worked on and off as a TV weatherman in Midland, Texas for thirty years. In 2012, Gray Television Group's Midland TV station ("CBS 7") hired Ward and agreed to a three-year contract that expired on June 30, 2015. Ward alleges that on his second day on the job Jose Gaona, CBS 7's news director, told him to dye his gray hair black. Three years later, Ward's contract expired. CBS 7 refused to renew it.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50255

CBS 7 instead hired Tom Tefertiller. A 2015 market study showed Tefertiller rated favorably amongst Midland weathercasters. And an earlier 2012 study showed Tefertiller ranked highest amongst Midland TV viewers. By contrast, Ward ranked lowest. Believing that Tefertiller was "the weather guy" and that bringing him on would be an "upgrade," CBS 7 hired him.

Ward sued, claiming violations of the federal Age Discrimination in Employment Act and Texas state law. The district court granted summary judgment for CBS 7. We review de novo. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

We begin with his federal claim. Ward must show that his age was the "but for" cause of the nonrenewal of his contract. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Since Ward relies on circumstantial evidence, we apply the burden-shifting framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, a plaintiff must set out a prima facie case of discrimination. Second, the employer must provide a legitimate, non-discriminatory explanation. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). Third, the plaintiff must show "the employer's explanation is false or unworthy of credence." *Laxton*, 333 F.3d at 578.

The parties do not contest Ward's prima facie case. Thus, we only review whether Ward raises "a genuine issue of material fact regarding the evidence presented to support [CBS 7's] legitimate, non-discriminatory reason." *Berquist*, 500 F.3d at 356. An employer's "subjective assessment" can be legitimate as long as an employer provides a "clear and reasonably specific basis" for it. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 616–17 (5th Cir. 2007).

Here, Ward has not met his burden to establish a fact dispute regarding CBS 7's legitimate reason. CBS 7 pointed to Midland TV market studies and their belief that Tefertiller was "the weather guy" to improve ratings. *See*

2

No. 19-50255

*Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason."). CBS 7's proffered reason is sufficient.

Next, Ward argues there's still a genuine dispute of material fact because he's shown that CBS 7's reason was merely pretext for discrimination. Ward makes several arguments. He begins by arguing CBS 7 incorrectly evaluated his performance by preferring a replacement with a meteorology degree and by using flawed market data to incorrectly evaluate weathercasters in Midland. For support, he cites to out-of-circuit precedent. *See Ryther v. KARE 11*, 108 F.3d 832, 837 (8th Cir. 1997). The relevant dispute, however, is not whether CBS 7 made the *correct* evaluation in reaching their non-renewal decision, but whether "the decision was made with discriminatory motive." *Mayberry*, 55 F.3d at 1091. As a result, unlike *Ryther*, our circuit has held that "dispute[s] in the evidence concerning . . . job performance" are *not* a "sufficient basis" to infer an employer's "proffered justification is unworthy of credence." *Id.*; *accord Sanstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing Appellee's assessment of his performance will not create an issue of fact."). Moreover, to the extent Ward argues that the market data was purposefully biased, he has pointed to no evidence to back up this claim. *See Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1508 n.6 (5th Cir. 1988) ("Merely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent.").

Ward additionally argues he's shown pretext because CBS 7 decided not to renew his contract before they told him about it. But Ward has not shown how that delay in communicating their decision undermines CBS 7's reason. *See Gross*, 557 U.S. at 176; *cf. Little v. Republic Refining Co.*, 924 F.2d 93, 97–98 (5th Cir. 1991) ("[Defendant] argues persuasively that the timing of the justification's preparation proves nothing."). The delay only shows the decision

took time. *Cf. Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 419 (5th Cir. 2016) (noting courts "decline" to be "super-personnel department[s]" reexamining "business decisions." (quotation omitted)).

Ward further argues that Gaona's statement that "[we] would like you to color your hair" is enough to show pretext. But one alleged remark three years before Ward's nonrenewal is insufficient to create a fact issue. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441–42 (5th Cir. 2012) (finding "sporadic" remarks "untethered to specific speakers or times" to be "insufficient"); *Kelly v. Costco Wholesale Corp.*, 632 F. App'x 779, 782–83 (5th Cir. 2015) ("[T]he court has consistently found that stray remarks are not enough to demonstrate discriminatory animus, and nothing indicates that [the manager's] comment was anything other than a stray remark.").

We have carefully considered Ward's other arguments and hold they are without merit.

AFFIRMED.

4