# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2010

No. 10-20208
Summary Calendar

Lyle W. Cayce
Clerk

JOYRELL R. GODFREY,

Plaintiff - Appellant

v.

KATY INDEPENDENT SCHOOL DISTRICT

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2433

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joyrell R. Godfrey filed suit against Katy Independent School District ("KISD") after KISD failed to hire Godfrey as a history teacher in the fall of 2007. Godfrey raised claims of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), along with claims under 42 U.S.C. §§ 1981 and 1983 and punitive damages. Godfrey's claims under § 1981 and for punitive damages were dismissed from the case and not briefed on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20208

appeal.[1]  The district court adopted the magistrate judge's Memorandum and Recommendation and granted KISD's motion for summary judgment on all remaining claims.  We agree and AFFIRM the district court's order.

I.

Godfrey worked as a substitute teacher for KISD from 2003 to 2007.  In August 2003, she submitted a paper employment application to KISD that noted her race and age.  Godfrey provided semi-regular updates to this application throughout the years to indicate her continued interest in full-time employment.  During the fall of 2007, Godfrey applied for three full-time history teaching positions that are the subject of this appeal: 1) Morton Ranch High School, 2) Seven Lakes High School, and 3) Mayde Creek High School.  Godfrey's 2007 application materials contained no information regarding her age or race, and there is no evidence that the hiring decision makers reviewed her 2003 application in relation to these positions.

Instead of hiring Godfrey, Morton Ranch transferred Anthony Sheppard, a black male, into the history teaching position.  Sheppard was already employed by the school as an in-school suspension teacher.  Moreover, he had previously deferred an offer to teach history at Morton Ranch due to medical issues, which were resolved by August 2007.  Lastly, Sheppard was also hired to serve as an assistant football coach.

KISD hired Taylor Hardy, a white female, to fill the history teaching position at Seven Lakes.  In addition to teaching duties, Hardy expressed an interest in coaching tennis and working with the student council.

---

[1] As a result, these issues are considered waived. *See In re Tex. Mortgage Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985).

No. 10-20208

At Mayde Creek, KISD hired Michael White, a white male, to teach world history. White had previously worked for the school as a substitute teacher, and the administration believed he would be a good fit for a full-time position based on their prior experiences with him. Further, White was scheduled to receive his composite social studies certificate, which would allow him to teach social studies courses in addition to history.[2]

None of the hiring principals specifically remembered Godfrey applying for the above positions. Godfrey asserts that she met the Morton Ranch and Mayde Creek principals at job fairs. She also states that she spoke with the Seven Lakes principal by phone.

## II.

We review a grant of summary judgment using the same standard of review as the district court.[3] Summary judgment is proper if there is "'no genuine issue as to any material fact'" and the moving party is entitled to a judgment as a matter of law.[4] We review questions of law *de novo*.[5] In our review, we consider all evidence "in the light most favorable to the party resisting the motion."[6] However, the party opposing the motion "cannot establish a genuine issue of material fact by resting on the mere allegations of

---

[2] According to documents submitted by Godfrey and cited by KISD in its appellate brief, White received his Composite Social Studies Certification six days after his hire date. (Appellee Br. 35.)

[3] *Dorsett v. Bd. of Trs. for State Colls. & Univs.*, 940 F.2d 121, 123 (5th Cir. 1991).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. Pro. Rule 56(c)).

[5] *Lowery v. Ill. Cent. Gulf R.R. Co.*, 891 F.2d 1187, 1190 (5th Cir. 1990).

[6] *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983).

No. 10-20208

the pleadings."[7]

## A.

Title VII prohibits employers from discriminating based on an individual's race, color, religion, sex, or national origin.[8]    Absent direct evidence of discriminatory intent, as is the case here, the Supreme Court has established a burden-shifting framework for proof of discrimination via circumstantial evidence.[9]  Under this framework, the complainant carries the initial burden to establish a prima facie case of discrimination.    Next, the employer must articulate a legitimate, nondiscriminatory reason for its action.[10]    Then, the complainant has an opportunity to show that the employer's reasons were mere pretext and "a coverup for a . . . discriminatory decision."[11]  While a showing of pretext does not automatically entitle an employee to judgment, it often will lead to an inference of discrimination.[12]

The ADEA prohibits employers from discriminating because of an employee's age.  In contrast to Title VII analysis, the Supreme Court recently held that under the ADEA the burden of persuasion never shifts to a party

---

[7] *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984); *see Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991).

[8] 42 U.S.C. § 2000e-2(a).

[9] *See McDonnell Douglas Corp. v. Green Richard Ellis, Inc.*, 411 U.S. 792, 802 (1973).

[10] Note that the employer's burden is "only one of production, not persuasion, involving no credibility assessments." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

[11] *McDonnell*, 411 U.S. at 805.

[12] *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *Russell*, 235 F.3d at 223.

No. 10-20208

defending a mixed-motives discrimination claim.[13] Instead, the plaintiff retains the burden to establish that age was the "but-for" cause of the employment's action. Here, Godfrey provides no evidence to support a claim that she would have been hired but for her age.[14]

*McDonnell* created four elements needed for the plaintiff to establish her prima facie case.[15] The district court found that Godfrey satisfied these elements for the Title VII claim. For purposes of the summary judgment appeal, we also assume Godfrey met her burden to establish a prima facie case.

B.

Under *McDonnell*, the burden then shifts to KISD to articulate nondiscriminatory reasons for not hiring Godfrey.[16] KISD asserts that: 1) the relevant decision makers had no knowledge of Godfrey's race or age, and 2)

---

[13] *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343 (2009).

[14] The magistrate followed the *McDonnell* framework for the ADEA claim. She concluded that Godfrey had not established her prima facie case for age discrimination because handwritten notes on personnel records were insufficient evidence to demonstrate the ages of persons hired for the three history positions. Godfrey contends that this evidence was provided and verified by KISD. Even if this evidence is permissible to indicate the ages of the hired teachers, Godfrey does not provide evidence to show that age was the but for cause in the hiring decision. Further, the magistrate's memorandum proceeded in analysis as though Godfrey had met her burden for a *McDonnell* prima facie case and still found the evidence supported a grant of summary judgment. We agree.

[15] Generally, these factors are: 1) plaintiff is a member of a protected class; 2) she applied and was qualified for a job for which the employer was seeking applicants; 3) she suffered adverse employment action; and 4) after her rejection, the position remained open and the employer continued to seek applicants from persons with complainant's qualifications. *McDonnell*, 411 U.S. at 802.; *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (addressing a racial discrimination claim).

[16] *McDonnell*, 411 U.S. at 802.

No. 10-20208

KISD filled the positions at issue with applicants who were better qualified than Godrey. We find KISD's evidence persuasive that its hiring decision makers did not know or recall Godfrey's age or race. However, we need not rely on this assessment to affirm the summary judgment.

Even if the school principals knew Godfrey's age and race while making hiring decisions, KISD offered a legitimate reason for not hiring Godfrey based on unique teacher qualifications. Godfrey does not produce evidence that demonstrates this justification was pretext for discriminatory behavior.

In two of the three hirings, the school in question hired a teacher it had worked with previously. Anthony Sheppard was already employed by Morton Ranch and simply reassigned to history. Further, the fact that Sheppard was previously offered the history teaching position demonstrates the school's early interest in hiring him. Similarly, Mayde Creek had a positive work history with Michael White when he was a substitute teacher there. Our sister circuit has found that familiarity and prior successful work experiences with an applicant are legitimate nondiscriminatory reasons for employment decisions.[17] In addition, an employer has a right to value some attributes, such as prior work experience with the school, over others. As we have held, "the employer's judgment as to qualifications will not be probative of the issue of a discriminatory motive unless the qualifications are so widely disparate that no

---

[17] *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989) (noting that "[a]n employer, even a public employer . . . is free to choose among qualified candidates so long as that choice is not based on unlawful criteria") (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 1097 (1981)).

reasonable employer would have made the same decision."[18]  Here, a reasonable employer would consider past experiences with an applicant, particularly for a teaching position where interpersonal relations with students, other faculty, and the administration may be critical to the teacher's success.

Similarly, a reasonable principal would consider coaching needs when filling teaching positions.  Both Seven Lakes and Morton Ranch hired teachers with experience in specific sports.  Hiring a teacher based on a suitability for a coaching position is not racially discriminatory.

The parties dispute whether or not the hired teachers had equal or better certifications than Godfrey.  Godfrey states she was a "Highly Qualified" teacher under the No Child Left Behind Act[19] with a Texas Standard Classroom Teacher Certification in history and a Master Teacher Certification from Iowa.  Even if Godfrey demonstrated she had equal or slightly more advanced teaching certificates compared to other applicants, she has not established pretext. "In order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must leap from the record and cry out to all who would listen that he was vastly–or even clearly–more qualified for the subject job."[20]  Godfrey's qualifications do not "leap from the record" as clearly superior to any of the three teachers hired.  Any differences in teaching credentials were compensated by experience and interest in other areas

---

[18] *See Deines v. Tex. Dep't Protective & Regulatory Servs.*, 164 F.3d 277, 282 (5th Cir. 1999). *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (holding that "better education, work experience, and longer tenure with the company do not establish that [an applicant] is clearly better qualified").

[19] 20 U.S.C. §§ 6301-6578.

[20] *Price*, 283 F.3d at 723 (internal citations omitted).

No. 10-20208

for which the schools needed faculty, including coaching and student activity supervision.

## III.

We hold that Godfrey has failed to disprove KISD's legitimate, nondiscriminatory explanation that other applicants were better suited to the schools' needs than Godfrey.  She has not presented evidence of pretext for discrimination, nor has she shown that her race or age were motivating factors in KISD's hiring decisions.

The summary judgment test for racial discrimination claims under § 1983 is the same as the Title VII test.[21]  For the reasons outlined above and in the magistrate's memorandum, we agree with the district court's decision.

Therefore, the judgment of the district court is AFFIRMED.

---

[21] *Patel v. Midland Memorial Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002).