# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2025

Lyle W. Cayce
Clerk

No. 23-20618

ZAHRA SHAHRASHOOB,

*Plaintiff—Appellee*,

*versus*

TEXAS A&M UNIVERSITY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-699

Before WILLETT and DOUGLAS, *Circuit Judges*, and MORALES, *District Judge*.[*]

DAVID S. MORALES, *District Judge*:

This Title VII discrimination and retaliation case arises out of Texas A&M University's ("A&M") shortening and subsequent non-renewal of Dr. Zahra Shahrashoob's faculty employment contract.

---

[*] United States District Judge for the Southern District of Texas, sitting by designation.

No. 23-20618

The district court granted A&M's motion for summary judgment and dismissed Dr. Shahrashoob's claims. On appeal, Dr. Shahrashoob fails to save either her discrimination or retaliation claim.

For her discrimination claim, Dr. Shahrashoob forfeited her replacement and similarly situated arguments because she failed to raise them below. But even if she hadn't forfeited those arguments, she still fails to make out a prima facie case of discrimination. For her retaliation claim, Dr. Shahrashoob fails to show that A&M's proffered reasons for her non-renewal are pretextual, so this claim also fails. Therefore, we AFFIRM the district court's grant of summary judgment.

## I

### A

Dr. Shahrashoob, an Iranian woman, was hired by A&M in 2018 for a non-tenure-track position in the Artie McFerrin Department of Chemical Engineering ("Department"). A&M first employed Dr. Shahrashoob as a lecturer, and then as an instructional assistant professor. The lecturer appointment did not require a Ph.D., but it did require her to teach chemical engineering and other classes as assigned by the Department head.

During her first academic appointment, A&M assisted Dr. Shahrashoob with her permanent residency application. Accordingly, in spring 2019, A&M reclassified Dr. Shahrashoob as an instructional assistant professor for her second term, renewable for three years but contingent on her satisfactory performance and the availability of funds. The instructional assistant professor position—unlike that of lecturer—required a Ph.D. But like the lecturer position, this appointment was for a nine-month term, was non-tenure track, and required Dr. Shahrashoob to perform pedagogical research or service activities. By this point, A&M had started the Labor

No. 23-20618

Certification process,[1] the first step in helping Dr. Shahrashoob obtain permanent residency. As a part of this process, A&M filed a prevailing wage request and learned that Dr. Shahrashoob needed a higher wage for her residency application.

To that end, in January of 2020, A&M raised Dr. Shahrashoob's salary: it offered her another instructional assistant professor appointment (for another nine months), but with a higher salary. This appointment was set to run from September 2020 to May 2021. Like her previous appointment, this position required Dr. Shahrashoob to perform pedagogical research in addition to teaching. And, like her previous appointment, this offer was contingent on her satisfactory performance and continued funding for the position throughout her employment term.

But during her Spring 2020 term, Dr. Shahrashoob began to feel that A&M was discriminating against her. For example, she complained that she was required to work out of a cubicle rather than an office. Although the Department eventually gave her an office, Dr. Shahrashoob still felt that A&M was discriminating against her by paying her an unfair salary, requiring her to teach more courses than other faculty members, and giving her an unsatisfactory workspace. So, she filed her first charge of discrimination in June 2020.

That summer—in August of 2020—A&M offered Dr. Shahrashoob an instructional assistant professor appointment for a shortened term. Even

---

[1] The Department of Labor can issue a certification to allow an employer to hire a foreign worker. *Permanent Labor Certification*, Department of Labor, https://www.dol.gov/agencies/eta/foreign-labor/programs/permanent (last visited Jan. 7, 2025). This process includes determining an employee's prevailing wage rate, which the Department of Labor defines as the average wage of other similarly situated employees in an employment role. *Prevailing Wage Information and Resources*, Department of Labor, https://www.dol.gov/agencies/eta/foreign-labor/wages (last visited Jan. 7, 2025).

though each of her previous appointments had been for nine-month terms, this appointment was for four-and-a-half months. As specified in her offer letter, this appointment ran from September 2020 to January 2021. This offer letter did not specify that it was contingent on her satisfactory performance, position funding, or the Department's academic needs. And sometime after the summer of 2020, A&M hired Dr. Mohammad Alam, an Indian man, as an instructor in the Department.

That fall, Dr. Shahrashoob filed a second discrimination charge, citing the shortened term and other reasons she believed A&M was discriminating against her. In this charge, she alleged that the Department had hired Dr. Alam to replace her. Dr. Shahrashoob further alleged that either during the summer or fall of 2020, A&M had asked her to train Dr. Alam.[2]

As her last offer letter indicated, Dr. Shahrashoob's academic appointment ended in January 2021, when A&M affirmed the end of her four-and-a-half-month term. A&M also shortened the term of another professor, Dr. James Holste, to four-and-a-half months. That spring, A&M also hired two tenure-track faculty.

B

Dr. Shahrashoob filed two Equal Employment Opportunity Commission ("EEOC") charges relevant to this appeal.[3] In her second charge, she alleged that her last appointment "drastically reduced" her duration of employment.[4] She further alleged that she performed all her duties, that her "student reviews [were] higher than the [D]epartment

---

[2] The record does not reflect what training she gave him, if any.

[3] She filed her first charge on June 13, 2020. She filed her second charge on September 22, 2020.

[4] Dr. Shahrashoob also included other allegations not at issue in this appeal.

average," and that she met her annual evaluation expectations. She also alleged that A&M's stated budgetary constraints were a pretext to discriminate against her and pointed to Dr. Alam as her replacement.

She then sued A&M and other defendants for myriad claims. A&M moved for summary judgment. In her response, Dr. Shahrashoob voluntarily dismissed all claims except her Title VII discrimination and retaliation claims against A&M.[5]

As to Dr. Shahrashoob's discrimination claim, A&M moved for summary judgment on the grounds that no other similarly situated employee was treated more favorably than Dr. Shahrashoob. Even though her live complaint alleged that Dr. Alam replaced her, A&M did not move for summary judgment on those grounds.[6]

In opposition, Dr. Shahrashoob pointed the district court to Dr. Holste. The crux of her argument: both Dr. Shahrashoob's and Dr. Holste's appointment terms were shortened to four-and-a-half months. But, according to Dr. Shahrashoob, Dr. Holste was either renewed or rehired, whereas she was not.[7] This disparity, she argued, meant he was treated more favorably.

Accordingly, the only question before the district court was whether Dr. Shahrashoob was treated less favorably than similarly situated employees outside her protected group. The court concluded that Dr. Shahrashoob

---

[5] Her evidence below—though not her briefing—included, *inter alia*, a declaration alleging that Dr. Alam had replaced her.

[6] In her response to summary judgment, Dr. Shahrashoob followed suit and did not raise any argument regarding Dr. Alam to the district court.

[7] Dr. Shahrashoob provided no information regarding the timing of Dr. Holste's return.

failed to establish a prima facie case because she did not raise a genuine dispute of material fact about whether she and Dr. Holste were similarly situated. It therefore granted summary judgment on her discrimination claim.

As to her retaliation claim, A&M moved for summary judgment on the grounds that Dr. Shahrashoob failed to (1) make out a prima facie case and (2) show A&M's proffered reasons for her termination—budgetary constraints and teaching needs—were pretextual. In response to A&M's first argument, Dr. Shahrashoob contended that she made a prima facie case because of the close timing between her protected activity (emailing A&M about, and filing charges of, discrimination) and the shortening and non-renewal of her contract. As to pretext, she said the hiring of two new faculty rebutted A&M's proffered reasons. While the district court rejected A&M's first argument (prima facie case), it concluded that, without additional evidence—such as showing that those newly hired tenure-track faculty taught the same classes as her—Dr. Shahrashoob could not show pretext. The court therefore granted summary judgment on that claim as well.

## II

We review a district court's grant of summary judgment *de novo*. *Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 502 (5th Cir. 2022) (citing *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material-fact dispute "is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). The

No. 23-20618

court construes "all facts and inferences in the light most favorable to the nonmovant, but the nonmovant can't defeat summary judgment with conclusory allegations, unsupported assertions, or only a scintilla of evidence." *Batiste*, 976 F.3d at 500 (citing *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014)). Moreover, "[a] panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010) (internal quotation marks omitted)).

## III

### A

Title VII forbids employers from discriminating against an employee "with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When, as here, a plaintiff relies on circumstantial evidence to prove her Title VII discrimination case, the *McDonnell Douglas* burden-shifting framework applies. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Under this framework, Dr. Shahrashoob bears the initial burden of making out a prima facie case. *See Watkins v. Tregre*, 997 F.3d 275, 281–82 (5th Cir. 2021) (citing *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016)). To meet her initial burden, she must show that she (1) belongs to a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside her protected group. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021)

No. 23-20618

(quoting *Stroy v. Gibson ex rel. Dep't of Veteran Affs.*, 896 F.3d 693, 698 (5th Cir. 2018)). Only the fourth prong—replacement and similarly situated—is at issue in this appeal.

As to both sub-prongs, Dr. Shahrashoob now argues, for the first time, that Dr. Alam's hiring creates a genuine dispute of material fact about whether she was replaced by someone outside her protected group and whether she was treated less favorably than someone similarly situated to her.[8] In response, A&M raises three arguments: (1) Dr. Shahrashoob forfeited her argument that she can make out a prima facie case based on Dr. Alam because she failed to raise it below; (2) Dr. Shahrashoob cannot make out a prima facie case; and (3) she cannot show A&M's reasons for not renewing her contract were pretextual. We agree with A&M that Dr. Shahrashoob has forfeited her replacement and similarly situated (comparator) arguments; we also agree with A&M that even if she hadn't forfeited those arguments, Dr. Shahrashoob still cannot make out a prima facie case.[9] We therefore affirm summary judgment on Dr. Shahrashoob's discrimination claim.

i

"A party forfeits an argument by failing to raise it in the first instance in the district court[,]" in effect "raising it for the first time on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (first citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017); then citing *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017); and then citing Fed. R. App. P. 28(a)(8)(A)). On the other hand, a party generally does not

---

[8] At oral argument, Dr. Shahrashoob's counsel confirmed that she has abandoned her discrimination argument concerning Dr. Holste.

[9] Because we agree with A&M on the first two points, we do not reach the third.

forfeit an argument when it "fairly appears in the record as having been raised or decided." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 370 (5th Cir. 2024) (quoting *Lampton v. Diaz*, 639 F.3d 223, 277 n.14 (5th Cir. 2011)). "[I]f a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

Dr. Shahrashoob uses Dr. Alam to support both her replacement and comparator arguments. She says that Dr. Alam's hiring supports her prima facie case both as to the replacement sub-prong and as to the similarly situated (comparator) sub-prong. Dr. Shahrashoob cannot rely on these arguments for two reasons: (1) Dr. Shahrashoob didn't fairly raise or press these arguments below, and (2) the district court didn't fairly decide them.

To the first point: Dr. Shahrashoob forfeited both arguments for one simple reason: she failed to raise them. At oral argument and in her appellate brief, Dr. Shahrashoob's counsel pointed to her second amended complaint and summary judgment declaration to argue that she sufficiently raised the Dr. Alam replacement argument before the district court. We are not persuaded. An argument raised in a complaint alone, but not in subsequent briefing, is forfeited. *Shambaugh*, 91 F.4th at 370 ("[I]f complaint allegations alone prevented subsequent forfeiture, then it is difficult to imagine when any claim or argument could ever be forfeited."). And burying an argument in an exhibit attached to a summary judgment response, without briefing it, does not fairly raise that argument to the district court, either.

Admittedly, Dr. Alam appears in one other place in the district court record: her September 2020 EEOC discrimination charge, which mentions Dr. Alam being hired to replace Dr. Shahrashoob. As with the declaration, attaching the discrimination charge to Dr. Shahrashoob's summary judgment

response, without briefing the Dr. Alam replacement argument contained therein, is not enough. And as to the comparator sub-prong, nowhere in the district court record did Dr. Shahrashoob offer Dr. Alam as a similarly situated comparator for purposes of showing that she was treated less favorably. Thus, these cursory references to Dr. Alam, throughout a 566-page summary judgment record, fail to carry the day.

Dr. Shahrashoob tries to work around forfeiture by asserting that—while she may not have clearly raised Dr. Alam below—the district court ultimately decided that Dr. Alam was not similarly situated to Dr. Shahrashoob. *See Shambaugh*, 91 F.4th at 370 (noting that forfeiture "generally will not apply 'when [an issue] fairly appears in the record as having been raised or decided'"). Dr. Shahrashoob argues the district court decided this when it concluded that she failed to show "other faculty members" in the Department were similarly situated—because "other faculty members" implicitly included Dr. Alam.

Which leads to the second point: Dr. Shahrashoob's arguments miss the mark because the district court never fairly decided anything about Dr. Alam, either that he replaced or was similarly situated to Dr. Shahrashoob. And why didn't it? Because the briefing did not bring Dr. Alam to the district court's attention. We cannot accept Dr. Shahrashoob's arguments, which "would undermine the core purpose of our forfeiture rules"—to guard against "appellate review of un- or underdeveloped records." *See id.* at 371 (collecting cases).

In sum, Dr. Shahrashoob did not fairly raise or press the issues of Dr. Alam being similarly situated to or replacing Dr. Shahrashoob below; the district court did not fairly decide the issues. Allowing her to raise these arguments for the first time on appeal would stand at odds with our precedent. *Rollins*, 8 F.4th at 397; *cf. Shambaugh*, 91 F.4th at 370; *Mijalis*,

15 F.3d at 1327. Dr. Shahrashoob has thus forfeited her arguments regarding Dr. Alam. Because of this forfeiture, Dr. Shahrashoob cannot show either prima facie sub-prong: replacement or similarly situated. On this basis alone, her discrimination claim fails as a matter of law.

* * *

But even assuming *arguendo* that Dr. Shahrashoob hadn't forfeited her replacement and comparator arguments, she still cannot make out a prima facie discrimination case. Again, only the fourth prong's sub-prongs—replacement or similarly situated—are at issue. As we explain below, Dr. Shahrashoob cannot meet the fourth prong, so her discrimination claim fails for this reason as well.

ii

We first consider whether Dr. Alam replaced Dr. Shahrashoob. She fails to show that he did.

Let's review what the summary judgment record reflects. Her September 2020 discrimination charge alleges that A&M hired Dr. Alam to replace her and that she was asked to train him. Her declaration alleges that Dr. Alam replaced her. Dr. Shahrashoob's offer letter required her to perform pedagogical research in addition to teaching. Finally, at the time of Dr. Alam's hiring, Dr. Shahrashoob's position, as an instructional assistant professor, required a Ph.D.

Now, let's review what the record doesn't reflect. The record is silent as to: (1) what position Dr. Alam held, (2) what classes Dr. Alam taught, (3) whether Dr. Alam was required to conduct pedagogical research, (4) whether Dr. Alam had a Ph.D., (5) whether he was eligible to be an instructional assistant professor, (6) whether Dr. Shahrashoob trained Dr. Alam for her position (or any position), or (7) anything else about Dr. Alam's

other job responsibilities. Without answers to these questions, even drawing all reasonable inferences for Dr. Shahrashoob, the record is unclear whether Dr. Alam replaced Dr. Shahrashoob. As a result, we cannot conclude that Dr. Shahrashoob has met her initial burden to make out a prima facie case of discrimination based on replacement.

iii

We now consider whether Dr. Shahrashoob was similarly situated to Dr. Alam. She fails to show that she was.

To make out her prima facie case on this sub-prong, Dr. Shahrashoob must show that "she was treated less favorably because of [a protected characteristic] than were other similarly situated employees who were not members of [her] protected [group]." *Harville v. City of Houston*, 945 F.3d 870, 875 (5th Cir. 2019) (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). In determining whether employees are similarly situated, this Court has emphasized that employees do not need to be in "identical" circumstances—only "nearly identical." *Id.* (citing *Lee*, 574 F.3d at 260). A plaintiff shows nearly identical circumstances when the two employees "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id.* (quoting *Lee*, 574 F.3d at 260).

Dr. Shahrashoob must point to another person who was (1) outside of her protected class; (2) similarly situated to her; and (3) treated better than her. She says Dr. Alam fits the bill for all three requirements. The first requirement is not at issue. A&M does not dispute that Dr. Alam, an Indian man, is outside of Dr. Shahrashoob's protected group, as she is an Iranian woman. But A&M argues that there is no evidence concerning the latter two

requirements. We agree that Dr. Shahrashoob has not pointed to sufficient evidence concerning the similarly situated requirement.[10]

We again review what the record reflects. Dr. Shahrashoob was required to perform pedagogical research in addition to teaching. Her September 2020 discrimination charge alleges that the Department hired Dr. Alam to replace her and that she was asked to train Dr. Alam. Finally, her declaration alleges that Dr. Alam did not have a chemical engineering degree and that he replaced her.

Now, we again review what the record doesn't reflect. Wholly missing from the record are Dr. Alam's job title, his responsibilities, his supervisor, or who determined his employment status. *Id.* (quoting *Lee*, 574 F.3d at 260). It likewise does not reflect his "research responsibilities, . . . historical performances, or other attributes that would render [him] similarly situated[]" to Dr. Shahrashoob. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 998 (5th Cir. 2022)). It doesn't reveal whether Dr. Shahrashoob trained Dr. Alam or how many of their job duties overlapped. Given this lack of evidence, Dr. Shahrashoob cannot show that Dr. Alam was similarly situated to her, even drawing all reasonable inferences[11] in her favor. When a plaintiff gives only a conclusory explanation about why an individual is an appropriate comparator, the plaintiff's discrimination claim fails. *See Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024) (holding that a plaintiff fails to establish they are similarly situated to another when the plaintiff "asserts in a conclusory fashion" that the similarly situated element is met). Because Dr. Shahrashoob's arguments are conclusory, and

---

[10] Accordingly, we do not address the third requirement.

[11] We presume that some of Dr. Shahrashoob's and Dr. Alam's job duties did in fact overlap, given her assertion that she was asked to train him.

the record doesn't show that Dr. Alam was similarly situated to her, she fails to make out a prima facie case of discrimination based on Dr. Alam as a comparator.

For the above reasons, Dr. Shahrashoob's discrimination claim fails.

B

A&M argues that summary judgment was proper as to Dr. Shahrashoob's retaliation claim because she failed to show pretext. Unlike with the discrimination claim, Dr. Shahrashoob makes out a prima facie case of retaliation.[12] So, we address pretext only.

The *McDonnell Douglas* burden-shifting framework applies to Title VII retaliation claims. *E.g.*, *Saketkoo*, 31 F.4th at 1000 (applying burden-shifting framework to Title VII retaliation claim). Because Dr. Shahrashoob established a prima facie case of retaliation, the burden shifts to A&M to articulate a legitimate, non-retaliatory reason for the adverse employment action. *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454

---

[12] At oral argument, A&M conceded that Dr. Shahrashoob makes out a prima facie case of retaliation. Dr. Shahrashoob engaged in protected activity under Title VII (first prong). She suffered an adverse employment action (second prong) either when her employment was shortened or not renewed. *See Hamilton v. Dallas County*, 79 F.4th 494, 506 (5th Cir. 2023). Finally, the close temporal proximity of Dr. Shahrashoob's protected activity and her "reduction in her employment term" satisfies the causal connection between her protected activity and the adverse employment action (third prong), as the district court found. *Cf. Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (noting that four-month gap may be sufficiently close to satisfy causal connection while five-month gap—without other evidence—is not enough). In sum, the district court correctly decided that Dr. Shahrashoob makes out a prima facie case. *See id.* (noting that a Title VII prima facie retaliation case includes the plaintiff showing "(1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action" (first citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007); and then citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999))).

(5th Cir. 2013). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). The explanation for the cited reason "must be clear and reasonably specific." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981)).

A&M produces two reasons for its treatment of Dr. Shahrashoob: budgetary constraints and teaching needs. These reasons are legitimate and nonretaliatory. *See Smith v. Bd. of Supervisors of S. Univ.*, 656 F. App'x 30, 33 (5th Cir. 2016) (per curiam) (budgetary concerns); *Godfrey v. Katy Indep. Sch. Dist.*, 395 F. App'x 88, 92 (5th Cir. 2010) (per curiam) (teaching needs). As a result, the burden shifts back to Dr. Shahrashoob to show that the reasons are "a pretext for retaliation[.]" *Feist*, 730 F.3d at 454 (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388–89 (5th Cir. 2007)).

To do so, Dr. Shahrashoob must show "that the adverse action would not have occurred 'but for' the employer's retaliatory motive[.]" *Id.* (first citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); and then citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). Specifically, she must show "a conflict in substantial evidence" as to but-for causation to avoid summary judgment. *Id.* (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)); *see also Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001). "At this juncture, we consider 'numerous factors, including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered.'" *Saketkoo*, 31 F.4th at 1002 (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020)).

Dr. Shahrashoob argues the district court erred when it concluded she had not identified evidence that two newly hired professors served the same teaching needs that she had served. According to her, this analysis failed to consider Dr. Alam.

A&M responds that other than her subjective belief, Dr. Shahrashoob cannot point to record evidence that shows A&M's stated reasons are a pretext for retaliation. According to A&M, all Dr. Shahrashoob marshals is her subjective belief.

A&M undersells Dr. Shahrashoob's argument. In addition to her subjective belief, she also argues that the close proximity between her protected activity and the adverse employment act, along with Dr. Alam's hiring, indicate that A&M's reasons are pretextual.

But in the end, her argument does not chin the bar. To defeat summary judgment, Dr. Shahrashoob needs to show a conflict in substantial evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012) (quoting *Long*, 88 F.3d at 308). Temporal proximity alone is not enough. *Id.* (citing *Strong v. Univ. Healthcare Sys.*, *L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)). We cannot say that temporal proximity, in conjunction with A&M hiring Dr. Alam at an unspecified time for an unspecified role, creates a conflict in substantial evidence.

We have recognized that a plaintiff can show pretext through temporal proximity plus *significant* record evidence. *See Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019). In *Garcia*, we found summary judgment improper when the plaintiff proffered evidence of temporal proximity and evidence of another employee with the same job duties, same title, same work project, and same supervisor, who was not terminated. *Id.* at 245–46. That evidence, in combination with temporal proximity, supported an inference of

pretext. *Id.* at 244.[13] On the other hand, we have held that a plaintiff fails to establish pretext when there is not significant record evidence beyond temporal proximity. *Saketkoo*, 31 F.4th at 1003; *United States ex rel King v. Solvay Pharms., Inc.*, 871 F.3d 318, 334 (5th Cir. 2017) (per curiam) (False Claims Act case applying *McDonnell Douglas* framework).

Here, Dr. Shahrashoob has not provided significant record evidence in addition to temporal proximity. Nothing in the record shows that Dr. Alam and Dr. Shahrashoob had the same job duties, same title, same work project, or same supervisor. The sparse record evidence mustered by Dr. Shahrashoob is not analogous to the significant record evidence marshalled by the plaintiff in *Garcia.* 938 F.3d at 244, 245–46. In short, while Dr. Shahrashoob has offered evidence of temporal proximity and her subjective belief, she has not also provided significant record evidence showing pretext. Because she cannot show pretext to survive summary judgment, her retaliation claim fails.

## IV

The district court properly granted summary judgment for A&M on Dr. Shahrashoob's discrimination claim. Because Dr. Shahrashoob didn't sufficiently raise either her comparator or her replacement arguments concerning Dr. Alam before the district court, she forfeited them. Even if she hadn't forfeited those arguments, she cannot make out a prima facie case of discrimination. So, either way, we arrive at the same conclusion: Dr. Shahrashoob's discrimination claim fails.

The district court properly granted summary judgment on Dr. Shahrashoob's retaliation claim as well. Although she makes out a prima facie

---

[13] Indeed, the plaintiff in *Garcia* proffered additional evidence supporting pretext, including, *inter alia*, harassment after the plaintiff engaged in protected activity. *Id.* at 244.

No. 23-20618

case of retaliation, Dr. Shahrashoob fails to show that A&M's budgetary constraints and teaching needs are a pretext to retaliate against her. Therefore, her retaliation claim fails.

For those reasons, we AFFIRM the district court's grant of summary judgment.